**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                 Plaintiff,<br>vs.<br><br>Tyrone Thomas Demps,<br><br>                 Defendant. | No.  CR-21-00409-001-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Tyrone Thomas Demps' ("Defendant") Emergency Motion for Temporary Release (Doc. 68) in which Defendant movies this Court for temporary release from the custody of the Bureau of Prisons ("BOP") to permit him to attend the funeral service for his mother, who passed away on July 8, 2023. (*Id.* at 1). According to the Motion, the funeral service will take place in Orlando, Florida at 11:00 A.M. on July 22, 2023. (*Id.*). The Government opposes Defendant's request. (*Id.* at 2).

The Court lacks jurisdiction to grant Defendant's request. Pursuant to 18 U.S.C. § 3622, the authority to temporarily release an inmate to attend funeral services lies with the BOP, not the sentencing court. Section 3622 provides as follows:

> The [BOP] may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed . . ., if such release otherwise appears consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to . . . visit a designated place . . . for the purpose of . . . attending a funeral of a relative.

18 U.S.C. § 3622(a)(2). *See also United States v. de la Luz Romero*, No. 97-10011, 1998 WL 814046, at *1 (9th Cir. Nov. 20, 1998) ("Furthermore, 18 U.S.C. § 3622(a) allows temporary release of a prisoner for up to thirty days for purposes of medical treatment, funerals and even to visit a dying relative."); *United States v. Rayonez*, No. CR-10-288-2-PHX-LOA, 2010 WL 2690622, at *1 (D. Ariz. July 6, 2010) ("BOP has the express statutory authority to release a prisoner from imprisonment to 'visit a relative who is dying' for a limited period provided certain conditions exist.").

To the extent Defendant's Motion may be considered a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), such request must also be denied because the Court "may not reduce a sentence pursuant to this provision unless the Director of the BOP files a motion for such a reduction." *Rayonez*, 2010 WL 2690622, at *1 (citing 18 U.S.C. § 3582(c)(1)(A)). Here, the BOP has filed no such motion and the Court therefore "lacks authority to modify Defendant's sentence." *Id.*

Although the Court has sincere sympathy for Mr. Demps and his family during this time of hardship, his Motion must be denied. Accordingly,

**IT IS ORDERED** that Defendant Tyrone Thomas Demps' Emergency Motion for Temporary Release (Doc. 68) is **denied**.

Dated this 21st day of July, 2023.

Honorable Steven P. Logan
United States District Judge